UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MILLER, JUNE MILLER,

Plaintiffs,

v.

SELECT PORTFOLIO SERVICING INC.,
et al.,

Defendants.

Case No. 2:18-cv-02889-KJM-AC

ORDER

Plaintiffs Robert Miller and June Miller allege defendants improperly sold their property in a November 18, 2016 non-judicial foreclosure sale.  Defendants Select Portfolio Servicing, Inc. and DLJ Mortgage Capital, Inc. move to dismiss plaintiffs' complaint.  As explained below, the court GRANTS the motion.

I.      BACKGROUND

     A.      Factual Background

          On January 19, 2010, plaintiffs borrowed $244,356.00 to purchase real property at 2180 Calder Place in Fairfield, California.  First Am. Compl. ("FAC"), ECF No. 17, ¶¶ II.a–b.  The loan was secured by a deed of trust recorded on January 19, 2010, which named Executive Trustee Services as trustee for beneficiary Mortgage Electronic Registration Systems, Inc. ("MERS") on behalf of lender Ally Bank Corp. f/k/a GMAC Bank.  *Id.* ¶ II.b.; *see* Defs.' Req. Judicial Notice

("RJN"),[1] ECF No. 19-1, Ex. A (deed of trust recorded Jan. 19, 2010). On May 14, 2012, MERS assigned all beneficial interest under the deed of trust to GMAC Mortgage, LLC ("GMAC"). RJN Ex. B (assignment of deed of trust recorded May 22, 2012). In April 2016, GMAC, by its attorney in fact Select Portfolio Servicing, Inc. ("SPS"), assigned its interest under the deed of trust to DLJ Mortgage Capital, Inc. ("DLJ"). RJN Ex. C (assignment of deed of trust recorded April 21, 2016); *see* FAC ¶ II.b (alleging DLJ held the mortgage and SPS "processed the collection of funds" at the time of the foreclosure sale).

On June 10, 2016, a notice of default and election to sell under deed of trust was recorded, indicating plaintiffs were $21,230.80 in arrears as of June 8, 2016. RJN Ex. D. DLJ's declaration of compliance with California Civil Code section 2923.55(c) was attached to this notice. *Id.* The declaration was signed by an SPS "Document Control Officer" on April 19, 2016 and indicated that on March 21, 2016, SPS contacted "the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55(b)(2)." *Id.*

On an unspecified date, plaintiffs entered into loan modification discussions with SPS. FAC ¶ II.c. On June 17, 2016, plaintiffs submitted a loan modification package to SPS and submitted a package again[2] on September 17, 2016. *Id.* On September 21, 2016, a notice of trustee's sale was recorded, indicating plaintiffs' property would be sold on October 13, 2016. RJN Ex. E. SPS sent plaintiffs a letter dated October 14, 2016, indicating plaintiffs' loan modification application was incomplete and requesting additional documentation. Mot., Ex. 1. Plaintiffs timely complied with SPS's requests for forms and documents in support of their modification application. FAC ¶ II.e.

On November 18, 2016, while the modification process was ongoing, without notice to plaintiffs, and despite their timely responses to SPS's requests for documents, SPS conducted a

---

[1] Plaintiffs do not object to defendants' request for judicial notice, which concerns matters of public record. *See* Fed. R. Evid. 201(b). The motion is GRANTED.

[2] It is not clear from the complaint whether plaintiffs sent the same modification package twice or sent two distinct modification applications.

foreclosure sale of plaintiffs' property. FAC ¶¶ II.d–e. The trustee's deed upon sale was executed on November 23, 2016 and recorded on November 28, 2016. *Id.* ¶ d; RJN Ex. F (trustee's deed upon sale indicating property sold Nov. 18, 2016 in public auction). Despite having sold plaintiffs' property, SPS continued to communicate with plaintiffs about the status of their loan modification application, informing plaintiffs in a November 21, 2016 letter that SPS required additional documentation. FAC ¶ II.e; Mot. Ex. 2 (Nov. 21, 2016 SPS request for additional information supporting plaintiffs' modification application, noting, "[t]ime is of the essence!"). Plaintiffs learned their home had been sold in a foreclosure sale only when the new owner notified them of the sale. FAC ¶ II.f.

B.    Procedural Background

Plaintiffs filed this suit on October 30, 2018, alleging conversion, breach of contract, fraud, "material intentional reckless [sic] violation of Claifornia [sic] civil code" and negligence. Compl., ECF No. 1, ¶¶ V–VIII. Defendants moved to dismiss the complaint, ECF No. 5, plaintiffs opposed, ECF No. 11, and defendants filed a reply, ECF No. 14. After hearing argument on defendants' motion, the court advised it would issue a written order granting the motion in full and indicating the extent to which plaintiffs would be permitted to amend. ECF No. 16 (Mar. 8, 2019 hearing minutes). On March 25, 2019, without leave and before the court issued an order on defendants' motion to dismiss, plaintiffs filed a first amended complaint. *See* FAC. Plaintiffs added certain factual allegations not included in their original complaint and abandoned their conversion claim. *See id.* Defendants then moved to dismiss plaintiffs' first amended complaint, which plaintiffs did not oppose. Mot., ECF No. 18. Because plaintiffs' amended complaint responds, at least in part, to defendants' prior motion to dismiss, and in the absence of any objection from defendants, the court DENIES defendants' earlier motion to dismiss as MOOT, treats plaintiffs' first amended complaint as the operative complaint and resolves defendants' second motion to dismiss. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Accordingly, after submitting defendants' motion without oral argument, ECF No. 21, the court resolves it here.

## II.     LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984)).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93−94 (2007).  This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988−89 (9th Cir. 2001).  A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van*

4

1   *Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though

2   court may look beyond pleadings on motion to dismiss, generally court is limited to face of the

3   complaint on 12(b)(6) motion).

4   III.    DISCUSSION

5           Plaintiffs allege breach of contract, fraud, "material intentional reckless violation of

6   Claifornia [sic] Civil Code," and negligence. FAC ¶¶ V−VIII. As noted above, defendants move

7   to dismiss the complaint in its entirety. Mot. Plaintiffs did not file an opposition or statement of

8   non-opposition. In the interest of addressing the merits, the court addresses each claim below.

9           A.    Breach of Contract Claim

10          "To allege a cause of action for breach of contract, a plaintiff must allege, '(1) the

11  contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and

12  (4) the resulting damages to plaintiff.'" *Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th

13  915, 921 (2013) (quoting *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968)). In their breach

14  of contract claim, plaintiffs allege defendants:

15              [B]reached the terms of . . . the loan agreement, and the resulting
                deed of trust, in that the defendants were in violation of the law of
16              the State of California, concerning the handling of the collection of
                the debt, above stated, in that, the defendants did not provide proper
17              notice of the foreclosure sale; the defendants conducted the
                foreclosure sale at a time when the plaintiffs and defendants were in
18              good faith negotiations concerning a 'loan modification.'

19  FAC ¶ V.a.

20          Plaintiffs have not alleged their performance or excuse for nonperformance, an

21  essential element of a breach of contract claim. *See Bushell*, 220 Cal. App. 4th at 921. The court

22  therefore will dismiss this claim. Moreover, while plaintiffs rely on their loan agreement and the

23  deed of trust, they have not clearly alleged how defendants breached any provision in these

24  contracts by failing to provide proper notice or by proceeding with the foreclosure. *See, e.g.,*

25  *Wilkins v. Bank of Am., N.A.*, No. 215CV02341 KJM EFB, 2016 WL 5940082, at *9 (E.D. Cal.

26  Aug. 19, 2016) (explaining a plaintiff need not "set out the terms of the contract verbatim or attach

27  a copy of the alleged contract to the complaint" but may "plead the legal effect of the contract rather

28  /////

than its precise language") (latter portion quoting *Constr. Protective Servs., Inc. v. TIG Specialty Ins. Co.*, 29 Cal. 4th 189, 199 (2002), *as modified* (Nov. 14, 2002)).

The motion as to this claim is GRANTED, but with leave to amend if amendment is possible consonant with Federal Rule of Civil Procedure 11.

B.    Fraud Claim

To state a claim for fraud under California law, a plaintiff must allege: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 974 (1997) (emphasis omitted). Federal Rule of Civil Procedure Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud . . . ." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). The allegations must include an account of "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Id.* at 1055 (internal citations, quotation marks omitted; alteration in original). Further, where a plaintiff accuses multiple defendants of fraud, the plaintiff must identify each defendant's role in the fraudulent scheme. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764−65 (9th Cir. 2007).

Plaintiffs allege they submitted "a complete loan modification package . . . on June 17, 2016, and again on Sept [sic] 17, 2016" and "defendants purposely concealed their true intentions of conducting the foreclosure sale, without notice to plaintiffs, during a time when they purported to be negotiating, in good faith, the loan modification." FAC ¶¶ II.c.−f. & VI.a. Plaintiffs further allege "defendants prolonged the 'loan modification' process, by . . . repeatedly request[ing] documentation that they already had." *Id.* VI.a. Plaintiffs also note both SPS's October 14, 2016 and November 21, 2016 notification letters, responding to plaintiffs' modification applications, state: "[i]f there is a foreclosure scheduled for your home in the next thirty (30) days, you are required to send all documentation via overnight mail with delivery confirmation." *Id.*; Mot. Exs. 1, 2. Plaintiffs allege that with these representations, SPS "specifically intended to, and did in fact,

6

cause the plaintiffs and others, to refrain from taking any defensive action to protect their property." FAC ¶ VI.a. Put differently, plaintiffs allege they reasonably relied to their detriment on SPS's representations that by submitting additional paperwork, plaintiffs could prevent the foreclosure of their home.

Plaintiffs do not allege what "defensive action" they would have taken if not for the letters. Further, plaintiffs have not adequately pleaded what is false or misleading about the language in SPS's letters responding to plaintiffs' loan modification applications, and, as noted, they have chosen not to defend their complaint in not responding to defendants' motion at all. *See United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (complaint alleging fraud must identify "what is false or misleading about [the purportedly fraudulent] statement, and why it is false") (quoting *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)) (alterations in original). Finally, plaintiffs' allegations refer to "defendants" only generally, and while defendants' letters provide clarity as to SPS's role, plaintiffs do not allege DLJ's misconduct here, if any. *See United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011) (merely attributing one defendant's fraudulent actions to codefendants is not enough to state claim for fraud against codefendants).

This claim too is DISMISSED, with leave to amend if possible.

C.    "Material Intentional Reckless [sic] Violation of Claifornia [sic] Civil Code" Claim

In a claim styled, "material intentional reckless [sic] violation of Claifornia [sic] Civil Code," plaintiffs allege:

> [T]he defendants, and each of them, materially violated the California Civil Code, sections 2924.5, 2923.7, 2924.11, 2924.12, 2924.17, in that they conducted a foreclosure sale of the subject real property . . . . said violation being in intentional [sic] or reckless, or resulting from material misconduct by a mortgage servicer, mortgagee, trustee, beneficiary or authorized agent, as provided in California Civil Code 2924.12.

FAC ¶ VII. Plaintiffs elaborate, alleging defendants negligently processed their modification application by "continually asking for more of the same documents, which had been provided by the plaintiffs, in a timely manner, each time defendants requested, both on June 17, 2016, and again on Sept [sic] 17, 2016." *Id.* Further, plaintiffs allege they communicated with SPS in "over 17

7

1  telephone calls, totaling 336 minutes, during the months of March, April, June, September, and

2  October, 2016." *Id.*

3         1.    <u>California Civil Code §§ 2924.5, 2923.7, 2924.12 & 2924.17</u>

4       Plaintiffs make no attempt to explain how any of these provisions of the California

5  Civil Code apply to this suit. Nothing in plaintiffs' complaint suggests a potential claim under

6  section 2924.5, which pertains to acceleration clauses in deeds of trust. *See* Cal. Civ. Code §

7  2924.5. Similarly, California Civil Code section 2923.7 requires a servicer to appoint a single point

8  of contact when a borrower requests a foreclosure prevention alternative, but not once do plaintiffs

9  refer to a single point of contact in their complaint. *See id.* § 2923.7. Section 2924.12 identifies

10  the relief available for material violations of certain provisions of the California Homeowner Bill

11  of Rights ("HBOR"), but plaintiffs do not explain how it applies here. *See id.* § 2924.12. Finally,

12  while section 2924.17 requires a servicer's declaration recorded in compliance with section 2923.5

13  or section 2923.55 to "be accurate and complete and supported by competent and reliable evidence"

14  and follow the servicer's "review[] [of] competent and reliable evidence to substantiate the

15  borrower's default and right to foreclose," plaintiffs' complaint does not contain a single allegation

16  concerning any section 2923.5 or section 2923.55 declaration recorded in connection with

17  plaintiffs' loan. *See id.* § 2924.17. If plaintiffs wish to state claims under these provisions, they

18  must do more than simply refer to them in passing. If plaintiffs amend and plead these claims in

19  the same manner, the claims will be dismissed without leave to amend. For now, the motion is

20  GRANTED with leave to amend.

21         2.    <u>California Civil Code section 2924.11</u>

22       Plaintiff quotes and identifies section 2924.11(a) as a provision governing non-

23  judicial foreclosures. *See* FAC ¶¶ III.a & VII. This provision, commonly identified as HBOR's

24  prohibition on dual tracking, was in effect when plaintiffs filed their 2018 complaint and when

25  defendants filed their opening brief on the first motion to dismiss. *See* Cal. Civ. Code § 2924.11(a)

26  (2018). But, effective January 1, 2019, the California Legislature amended section 2924.11,

27  removing the language on which plaintiffs rely. *See id.* (2019). Despite the court's noting this

28  change at hearing on defendants' first motion to dismiss, plaintiffs continue to cite section 2924.11

in their first amended complaint, with no acknowledgment of the change in law. Moreover, neither party acknowledges that the version of section 2924.11(a) on which plaintiffs rely was not in effect in 2016, which is when plaintiffs allegedly submitted their modification applications and defendants recorded the relevant notices and conducted the trustee's sale. *See* FAC ¶¶ II.c.-d.; Cal. Civ. Code § 2924.11 (2016).

If plaintiffs wish to plead a dual tracking claim, they must specifically allege as much and identify the controlling law. *See, e.g.*, *Travis v. Nationstar Mortg., LLC*, 733 F. App'x 371, 373 (9th Cir. 2018) (discussing California's "rule of 'statutory continuity'" and observing certain dual tracking claims survive recent changes in law) (citations omitted). On this record, and with no response to the motion to dismiss, plaintiffs' intentions as to this claim are unclear. Accordingly, the motion to dismiss is GRANTED, but with leave to amend.

### D. Negligence Claim

To state a claim for negligence, a plaintiff must allege "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013). Here, plaintiffs allege "defendants were negligent in the conduct of the foreclosure action and subsequent sale. Said defendants conducted the sale in a negligent manner, without properly notifying the plaintiffs of the intended sale." FAC ¶ VIII.a.

Defendants argue that as financial institutions, they owe no duty of care to plaintiffs because their "involvement in the loan transaction d[id] not exceed the scope of its conventional role as a mere lender of money." Mot. at 10 (quoting *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991)). Defendants' argument is correct, but only as to the general rule, which may yield to a duty owed under proper circumstances. *See, e.g.*, *Martinez v. Flagstar Bank, FSB*, No. 15–01934, 2016 WL 3906810, at *6–8 (E.D. Cal. July 19, 2016) (finding lender "does owe a duty of care to a borrower not to make material misrepresentations about the status of an application for a loan modification" and a borrower would foreseeably be harmed "by an inaccurate or untimely communication . . . about the status of a loan modification application") (quoting *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 947 (2014)); *Jolley*

*v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 905−06 (2013), *as modified on denial of reh'g* (Mar. 7, 2013) (discussing cases where courts "found a duty of care in particular circumstances surrounding loan modification negotiations" and reversing grant of summary judgment in defendant's favor on negligence claim); *but see Lueras*, 221 Cal. App. 4th at 67 (finding lender owed no "common law duty of care to offer, consider, or approve a loan modification, or to explore and offer foreclosure alternatives").

Again, plaintiffs do not respond to defendants' argument and provide allegations so vague as to preclude the court's determining the contours of any duty they believe exists. *See* FAC ¶ VIII.a (referring to "defendants, and each of them," and alleging negligent foreclosure and notice). The motion is GRANTED, with leave to amend if possible.

IV.     CONCLUSION

The motion to dismiss is GRANTED. Plaintiffs may file an amended complaint within 14 days of this order.

IT IS SO ORDERED.

DATED: July 12, 2019.

_____
UNITED STATES DISTRICT JUDGE