UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MILLER, JUNE MILLER, | No. 2:18-cv-002889-KJM-AC |
| Plaintiffs, | |
| v. | ORDER |
| SELECT PORTFOLIO SERVICING, INC., et al., | |
| Defendants. | |

Defendants Select Portfolio Servicing, Inc. and DLJ Mortgage Capital, Inc. move under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiffs Robert and June Miller's second amended complaint ("SAC" or "complaint"). Mot., ECF No. 25. Plaintiffs have not opposed the motion; however, the parties' meet and confer efforts indicate that plaintiffs apparently did not concede the merits of defendants' motion before its filing. *See* Joint Status Report, ECF No. 28, at 3 ("Despite their discussion, the parties could not come to an agreement narrowing any of the issues raised in Defendants' Motion to Dismiss the SAC."). The court submitted the matter without hearing, ECF No. 32, and reaches the merits of the motion here. For the reasons set forth below, defendants' motion to dismiss is GRANTED without leave to amend.

I.      DISCUSSION

The court assumes the parties' familiarity with the facts and procedural history of this matter and, to the extent helpful, incorporates by reference its summary of the relevant claims and applicable legal standard under Federal Rule of Civil Procedure 12(b)(6) articulated in its prior order granting defendants' motion to dismiss. *See* Prior Order at 1–2, ECF No. 22. Accordingly, the court proceeds directly to the issues raised in defendants' motion.

A.      Claim One: Breach of Contract

Defendants argue plaintiffs continue to plead insufficient facts to establish a breach of contract claim. Mot. at 5–7. Specifically, defendants argue the complaint states "[t]he initial contract was modified by the actions of the parties . . . ," but is silent as to what the terms of the modified contract were. *Id.* at 6 (citing SAC ¶ 4(a)). Where the terms of the contract are not apparent, a claim for breach of that contract is not cognizable. *Id.* Defendants also contend plaintiffs' breach of contract claim fails as a matter of law because plaintiffs have failed to perform their own contractual duties. *Id.* at 7.

Defendants are correct. As the court explained in its prior order, a breach of contract claim requires that plaintiff plead (1) the existence of a contract, (2) plaintiffs' performance or excuse for nonperformance, (3) defendants' breach, and (4) resulting damages to plaintiffs. *Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 921 (2013). Here, the complaint alleges "[t]he initial contract (promisory [sic] note and deed of trust) . . . was modified by the action of the parties, initiated by defendants, beginning with certain letters of May 12, 2016, and thereafter." SAC ¶ 4(a). Plaintiffs go on to describe the contents of various letters issued by defendants, all of which involve and describe the loan reinstatement process. *See id.*, Exs. A–C. Nowhere in the complaint or the letters themselves is it clear how the original contract, comprised of the promissory note and deed of trust, was modified by defendants' letters regarding the loan reinstatement process. Plaintiffs do not allege these letters and their correspondence in response constitute an offer and acceptance of modified terms, nor do plaintiffs explain what the terms of the modified contract are.

Moreover, even assuming the existence of a modified contract were sufficiently pled, plaintiffs fail to clearly allege their own performance under the contract, an essential element of a breach of contract claim. Regardless, any presumption of performance that might otherwise apply to plaintiffs' compliance with the reinstatement process is punctured by exhibits C (October 14, 2016 letter) and D (November 21, 2016 letter) attached to the complaint, which both explain that plaintiffs' "submitted documentation is insufficient or information is still needed" to complete the application. In the face of these notifications, plaintiffs fail to explain how they satisfied their obligations under the purported modified contract.

Plaintiffs' breach of contract claim must be dismissed for these reasons.

### B. Claim Two: Negligence

Defendants argue, as they did in their prior motion to dismiss, that plaintiffs' negligence claim fails because they allege no facts showing defendants owed a duty beyond the scope of their traditional roles as money lenders. Mot. at 7 (citing *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991)).

As the court explained in its prior order, "Defendants argument is correct, but only as to the general rule, which may yield to a duty owed under proper circumstances." Prior Order at 9 (citing *Martinez v. Flagstar Bank, FSB*, No. 15–01934, 2016 WL 3906810, at *6–8 (E.D. Cal. July 19, 2016)). Those circumstances may exist where, for instance, a lender was "to make material misrepresentations about the status of an application for a loan modification" and the borrower could be harmed "by an inaccurate or untimely communication . . . about the status of a loan modification application." *Martinez,* 2016 WL 3906810, at *7 (quoting *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 947 (2014)).

Here, the complaint alleges "defendants promised that the evaluation process would take 'in no event more than 30 days[,]'[] and that 'a foreclosure referral will not occur if we are reviewing a completed Borrower Response Package.'" SAC ¶ 5(b). Plaintiffs further allege defendants were negligent by failing to review and process plaintiffs' application within the promised 30-day window and also failing to abide by "their promise to refrain from a foreclosure sale," as stated in the June 7, 2016 and July 23, 2016 letters. *Id.* ¶¶ 5(c)–(d).

3

        These allegations once again fail to show defendants owed a duty outside their roles as traditional money lenders.  Even treating the allegations as true, as the court must, *Erickson v. Pardus*, 551 U.S. 89, 93−94 (2007), they fail to plead, for instance, what material misrepresentations defendants made.  As plaintiffs' allege, and the June 7, 2016 letter also says, defendants promised "a decision related to [plaintiffs'] foreclosure prevention alternative . . . in no [] more than 30 days after receipt of a *complete* Borrower Response Package."  SAC, Ex. B (emphasis added).  Yet, in two subsequent notice letters, dated October 14, 2016 and November 21, 2016 respectively, defendants warned plaintiffs their "submitted documentation is insufficient or information is still needed," and that "[b]efore [they] can begin [their] evaluation process, [plaintiffs] [were] required to submit a complete application." *Id.*, Exs. C, D.  The notices further warned, "Until we have either received a complete assistance application or provided you a decision notice, SPS will continue with all normal servicing activity and legal actions allowable under law." *Id.*

        Without more, these letters do not reveal an extraneous duty created by the parties' communications; rather, they support the conclusion that the nature and extent of the parties' relationship was within the conventional bounds set out by the letters.  *See Nymark*, 231 Cal. App. 3d at 1096 ("[A] financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.").  For these reasons, plaintiffs' negligence claim must be dismissed.

    C.    <u>Claim Three: Fraud</u>

        Defendants contend the final claim must also be dismissed for failure to plead facts showing misrepresentation, an essential element of a fraud claim.  Mot. at 8 (citing *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173 (2003)).

        The complaint alleges defendants initiated the foreclosure referral process "prior to the letter of June 7, 2016, in which . . . defendants promised they would not refer the matter to referral, at least at that time." SAC ¶ 6(b).  The complaint further alleges defendants were "deliberately false" by stating in the June 7, 2016 letter they would not initiate a foreclosure referral, when in fact they had.  *Id.* ¶ 6(c).

4

Once again defendants correctly argue plaintiffs fail to state a valid fraud claim because their allegations are directly contradicted by the very letter on which they base their claim. The June 7, 2016 letter reads as follows, in pertinent part: "[t]he foreclosure process may proceed while we evaluate your Borrower Response Package," and "[a] foreclosure referral will not occur if we are reviewing a *completed* Borrower Response Package or if we have extended an offer and your response time for acceptance has not expired." *Id.*, Ex. B (emphasis added). As noted above, the letters dated October 14, 2016 and November 21, 2016, which are also before the court, state that outstanding documentation caused plaintiffs' application to remain incomplete. *Id.*, Exs. C, D. Plaintiffs have not pled additional facts to put the latter letters in perspective or to counter a reading of the complaint that takes account of their contents. Thus, plaintiffs have not pled that defendants' representations in the June 7, 2016 letter were fraudulent or misleading.

Plaintiffs' fraud claim too must be dismissed.

D.  Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure instructs the court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a plaintiff has been afforded multiple opportunities to amend, as here, the court has broad discretion to deny further amendment. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Here as well, plaintiff has declined to oppose the motion to dismiss and so has not provided any reason for the court to believe amendment to cure the complaint's deficiencies is possible. For this reason, further leave to amend will not be permitted.

II.  CONCLUSION

Defendants' motion to dismiss, ECF No. 25, is GRANTED without leave to amend. The Clerk of Court is directed to close this case and enter judgment in defendants' favor.

IT IS SO ORDERED.

DATED: July 9, 2020.

CHIEF UNITED STATES DISTRICT JUDGE